IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>WALTER L. MCCANT,<br><br>Defendant. | Case No. 22-CR-40039-SMY |

### ORDER

This matter comes before the Court on Defendant Walter L. McCant's Motion for Reconsideration of the Detention Order (Doc. 25), which the Government opposes (Doc. 26). McCant has been indicted for conspiring to distribute a mixture and substance containing heroin in violation of 21 U.S.C.A. §841(a)(1) and 846.  The charges in the indictment carry a statutory imprisonment range of 5 to 40 years unless an enhancement is filed pursuant to 21 U.S.C.A. §851, under which the statutory imprisonment range would be 10 years to life imprisonment.  At McCant's arraignment, Magistrate Judge Susan Cox ordered that he be detained, finding as follows:

> "The government has established, by clear and convincing evidence, that defendant poses a danger to the community based on:  (i) the nature and circumstances of the charged offense, which alleges defendant's participation in a longstanding criminal scheme to distribute dangerous narcotics into the community; (ii) defendant's history of felony narcotics convictions, including, in particular, defendant's prior conviction for conspiracy to distribute narcotics; and (iii) defendant's previous violations of court-ordered release conditions." (Doc. 26-1).

All criminal defendants have the right to be presumed innocent and the right to pretrial release. However, pretrial release may be denied if the Court determines there are no conditions of release that will reasonably assure the appearance of the defendant as required and the safety of persons in the community.  In making this determination, the Court considers several factors under 18

U.S.C.A. § 3142(e) and (g), including the nature and circumstances of the offense charged; the weight of evidence against the defendant; the history and characteristics of the defendant; and the danger to any person or the community that would be posed by the defendant's release. Because the offense alleged against McCant involves conspiracy to distribute a narcotic drug in violation of the Controlled Substances Act (see 21 U.S.C.A. §801 *et seq*.), there is a rebuttable presumption of risk of flight or danger to the community. 18 U.S.C.A. §3142(e)(3)(A).

As Judge Cox noted, the Indictment alleges McCant's participation in a longstanding criminal scheme to distribute dangerous narcotics into the community. And the record indicates a relative strength of evidence regarding the charged offense. McCant has a lengthy criminal history that includes arrests and convictions for weapons charges, aggravated assault, various drug charges, numerous driving charges including driving while suspended or revoked. He has violated supervised release by using drugs and has had his probation revoked on multiple occasions.

Upon consideration of the statutory factors, the Court finds that the United States has shown by clear and convincing evidence that McCant's release would pose a risk of flight or risk of danger to the community. Further, upon evaluation of all available conditions and terms of release, including those proposed by McCant, the Court finds that no available terms or conditions of release will reasonably assure the Court of his attendance at all court proceedings and the safety of the community.

While McCant argues that his pretrial detention violates the Eighth Amendment, both the United States Supreme Court and the Seventh Circuit Court of Appeals have found that the Bail Reform Act is not violative of the Eighth Amendment. *See United States v. Salerno*, 481 U.S. 739 (1987) and *United States v. Porte*s, 786 F.2d 758 (7th Cir. 1985). He also argues that his pretrial detention prevents him from private consultation with his counsel. However, his counsel are

located in Illinois (his local counsel is located in this district), and he has not established that he is unable to meet or communicate with them in person or by videoconference.

Accordingly, Defendant's Motion for Reconsideration of the Detention Order (Doc. 25) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: May 2, 2023**

**STACI M. YANDLE**
**United States District Judge**